Lloyd v. Tracy.

H. CLAY LLOYD, Appellant, v. J. P. TRACY, Respondent.

53   175
69   373
53   175
d95  ²694

St. Louis Court of Appeals, February 14, 1893.

1. **Res Adjudicata:** RES INTER ALIOS. A judgment is not *res adjudicata* against one who is not a party to the proceeding, and does not stand in privity to either party. Accordingly, an adjudication in an action not *in rem*, that a person has a copartnership interest in specific personalty, will not affect his alleged copartner if the latter was not a party to the action.

2. **Partnership:** LEVY ON PARTNER'S INTEREST. The interest of a partner in the copartnership property, and of one of the cotenants in property held in common, may be levied upon under an execution against him; and the property may under the levy be taken from the possession of another copartner or cotenant.

3. ———: ———: CONVERSION: MITIGATION OF DAMAGES. The officer making such levy and so taking possession is guilty of a conversion of the property, if the execution debtor has in fact no interest therein. But, if he afterwards returns the property to the possession of the party from whom he took it, he may show this fact in mitigation of the damages, which, in such case, should be assessed only for the wrongful detention.

4. ———: ———: ———: ———. Such return of the property will constitute such mitigation of the damages, though it was made for the purpose of mitigating the same, and though it was made after a sale by the officer of the alleged interest of the execution debtor under the levy, and though the purchaser at that sale, by reason of his claim under it, has instituted proceedings in partition against the other parties in interest, and procured the appointment of a receiver therein.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*T. J. Delaney* and *R. L. Goode*, for appellant.

(1)    Plaintiff was not a party to the proceedings and judgment in the (so-called) case of M. C. Cantrell *v.* Springfield Hardware Company in the circuit court of the United States, was not bound nor in any way affected by them, and they were improperly admitted in evidence against him to prove that Donham and not Cantrell owned two-thirds of the books when defendant seized them. *Dugge v. Stumpe*, 73 Mo. 513; *Graves v. Ewart*, 99 Mo. 13; *Atkison v. Dixon*, 96 Mo. 588; Freeman on Judgments [3 Ed.] sec. 154; 1 Greenleaf on Evidence [14 Ed.] secs. 522, 523, 535; Wood's Practice Evidence, pp. 733, 734. (2)    The court erred in its rulings on the testimony offered by the defendant tending to prove that Roper, the deputy marshal, had returned the books to the plaintiff after the execution sale. Now the only available theory on which such testimony might possibly have been relevant is that it went only in mitigation of damages; for in such actions the return of the property to the owner's possession and his acceptance of it is available to the wrong-doer only in mitigation, not in bar of the action. *Havmer v. Wilsey*, 17 Wend. 91; *Coffin v. Field*, 7 Cush. 860. But, if it was admissible for this purpose, there was manifest error in rejecting the questions propounded by the plaintiff on the cross-examination, tending to elicit the fact that this pretended redelivery of the books was an idle formality to avoid the consequences of this action, and which did not, in truth, clothe plaintiff with the beneficial possession or ownership of his property for any appreciable time, and was not intended to, as the defendant and his counsel knew, at the time they gave the key to the room where the books were into plaintiff's hands, that a receiver had already been appointed

to hold them, and that plaintiff could not retain their custody at all.

*Sebree & Tatlow*, for respondent.

ROMBAUER, P. J.—This case under its peculiar facts presents this proposition of law, namely: To what extent, if at all, is a copartner or cotenant of personal property bound by a judgment rendered against another as his copartner or cotenant, so as to be precluded from showing that such other person was not his copartner or cotenant at the time.

The question arises in this manner: The plaintiff expended labor in constructing a set of books containing an abstract of titles to real estate in Greene county, and claims that, at the date of their alleged conversion by the defendant, they were in his (plaintiff's) possession, and he was the owner of one undivided third therein, and that the other undivided two-thirds were the property of one M. C. Cantrell. The defendant is United States marshal for the western district of Missouri. In March, 1888, one Phillips recovered against one Donham a judgment in the circuit court of the United States for said district. Execution was issued on such judgment to the use of its assignee, and delivered to the defendant as marshal. The defendant levied said execution in May, 1891, on certain real estate belonging to Donham, and also on his undivided two-thirds interest in said abstract books, and took said books from the possession of the plaintiff herein on said levy. The plaintiff thereupon instituted this action for conversion against the defendant, claiming that Donham had no interest in said books at the time, having disposed of his interest prior thereto to Cantrell.

It appeared in evidence in this case that, after the levy on the books was made, Cantrell filed a claim with the United States marshal, claiming an undivided two-thirds interest in said books; that the owner of the judgment and execution thereupon gave an indemnifying bond to the marshal, but Cantrell gave no forthcoming bond under the provisions of sections 4927 and 4928 of the Revised Statutes of 1889, as he *might* have done but was not required to do. Donham's interest in the property was thereupon sold September 14, 1891, by the defendant marshal, and bought in at said sale by one McGregor, who immediately thereafter brought an action of partition against the plaintiff, and caused one Neville to be appointed receiver in said action. Before such sale was had, the defendant filed the claim of Cantrell, and the indemnifying bond given by the execution creditor, in the clerk's office of the United States court for the western district of Missouri. The cause on said claim was thereupon docketed in said court, and tried therein November 18, 1891, Cantrell not appearing. The trial resulted in a judgment in favor of the execution debtor, to the effect that Donham and not Cantrell was at the date of the levy the owner of said two-thirds interest in said books.

Upon the trial of the present action the defendant offered in evidence the record of these proceedings in the circuit court of the United States as decisive of the question, whether Donham was the owner of the two-thirds interest in these books at the date of the levy, and, hence, the defendant was guilty of no conversion of the plaintiff's interest, even to the limited extent of a temporary interference with the plaintiff's rights. On the authority of *Wiles v. Maddock*, 26 Mo. 81, and *McCoy v. Hyatt*, 80 Mo. 130, 138, if Donham was plaintiff's partner or cotenant in the books at the date of their seizure, their seizure was justified. The

plaintiff objected to the admission of these records on two grounds: *First,* because he was no party to the proceedings on the trial of the claim. *Next,* because the entire proceeding was void for want of jurisdiction, as the property had already been sold when the trial of the claim was had, and as Cantrell never gave any forthcoming bond. The court overruled the objections and admitted the records in evidence. The plaintiff thereupon called a number of witnesses, by whom he offered to prove that at the date of the seizure Donham had no interest in the books. The court rejected the evidence, and instructed the jury to find a verdict for the defendant, thereby deciding in effect that the record of the judgment on the trial of claim of property was conclusive against the plaintiff as to the ownership of the books at the time. The jury found for the defendant, and the plaintiff, appealing, assigns this ruling of the court for error.

We conclude that the ruling of the court was erroneous, and necessitates a reversal of the judgment. We have given the question of admissibility of judgments as evidence against third parties a careful examination in *O'Donnell's Adm'r v. O'Donnell,* 40 Mo. App. 51, 61, 62. We have there cited authorities to show that the mere fact, that the result of the judgment is likely to affect the interest of a third person, is not sufficient in an action by such third person to prevent its exclusion as *res inter alios acta.* A judgment rendered against one as copartner of A cannot conclude A, if he was no party to the record, from denying in an action brought by or against him that the party against whom such judgment was rendered was not his copartner. The judgment in these claim proceedings is not a judgment *in rem* in such a sense as to be conclusive on the world. It does not act on any status but acts on specific property,

and, whether parties to the litigation are concluded thereby or not, third persons who have neither right nor duty to participate in the litigation, and who are not privies to the litigants in a legal sense, cannot be so concluded.

The second objection stands on a much weaker ground. The giving of a forthcoming bond is made by the provisions of section 4927 optional on part of the claimant. The law makes no provision in express terms for the sale of the property if no such forthcoming bond is given, and section 4928 speaks of "bond or bonds," seemingly contemplating that, even if only one bond is given, the claim shall be filed in court. The Kansas City Court of Appeals in *Stevens v. Springer*, 23 Mo. App. 375, was evidently of opinion that the giving of a forthcoming bond by the claimant was not essential to the jurisdiction of the court over the claim. As the point, however, does not necessarily arise for decision, we will not decide it without fuller argument in some cause directly involving it.

The defendant gave evidence tending to show that immediately after the sale he delivered the books to the plaintiff, although the plaintiff had to redeliver them to the receiver appointed at the instance of the purchaser at the marshal's sale. This evidence was relevant in any event, as it went in mitigation of damages, showing that, if there was a conversion at all, it was merely temporary. On the same ground, evidence offered by the plaintiff that the books were redelivered solely for the purpose of mitigating the plaintiff's damages, and not in good faith, was properly ruled out, as having no bearing either on the right or extent of recovery. If it should appear on a retrial of the cause that, at the date of the seizure of these books Donham had no interest therein, then the defendant was guilty of a temporary conversion of the

plaintiff's interest, and is answerable to him in damages to the extent of legal interest on one-third of the value of the books from the date of their seizure to the date of their return.

All the judges concurring, the judgment is reversed and the cause remanded.