Retha D. FRIERSON, Appellee,

v.

UNITED FARM AGENCY,
INC., Appellant.

The Merchants Bank, Intervenor Below.

Retha D. FRIERSON, Appellee,

v.

UNITED FARM AGENCY, INC., The
Merchants Bank, Appellant.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1988.

Decided Feb. 23, 1989.

Steven Mustoe and Richard Ralston, Kansas City, Mo., for appellant.

Cal Hoover, Reno, Nev., for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and BATTEY,* District Judge.

MAGILL, Circuit Judge.

In this case, we address a dispute between a judgment creditor and a bank over a judgment debtor's funds. The case came before the district court on motion by the judgment debtor, United Farm Agency, Inc. (UFA), to quash the judgment creditor's, Retha G. Frierson's (Frierson), gar-

* THE HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

nishment of funds held in UFA's bank accounts at three banks. Merchants Bank (Merchants) intervened, asserting a possessory interest in the funds pursuant to its right of setoff or, in the alternative, under its prior perfected security interests. The district court denied the motions to quash and ordered the funds in all three accounts paid over to Frierson. *See Frierson v. United Farm Agency, Inc.*, 672 F.Supp. 1272 (W.D.Mo.1987). Both Merchants and UFA now appeal. After careful consideration of the issues raised by the various parties, we reverse with respect to the funds in Merchants Bank based on the bank's right of setoff, and let stand the district court's order with respect to the other two accounts.

## I. BACKGROUND

Frierson obtained a $513,525 judgment against UFA in the United States District Court for the Eastern District of California on June 3, 1985. While awaiting the result of an appeal to the Ninth Circuit,[1] Frierson filed an independent action in federal court in Missouri seeking recognition of the California judgment. The district court granted summary judgment on Frierson's behalf, and her judgment against UFA was registered in the Western District of Missouri on January 9, 1987.

On May 20, 1987, Frierson had summonses of garnishment served on three Missouri banks. Interrogatories directed to the banks revealed that UFA had the following amounts on deposit: Merchants Bank—$74,219.07; Centerre Bank—$965.00; and Country Club Bank—$1,000.00. Merchants claimed that it had a valid perfected security interest in all of UFA's money on deposit and therefore denied that the funds on deposit were owed to or belonged to UFA. Merchants also alleged that contract and common law rights of setoff entitled it to the money in the account. UFA filed two motions to quash the garnishment, claim-

ing that the various accounts were subject to Merchants' prior security interest. Merchants intervened and filed a separate motion to quash when a question arose regarding UFA's standing to quash the garnishments.[2]

The district court determined unequivocally that Merchants had a prior perfected security interest in the three deposit accounts. The court found that, because Merchants did not declare the loan in default or follow procedures required by the loan agreement to enforce its U.C.C. and contract rights, Merchants had neither a present right to the funds nor a right to have the garnishment quashed. In addition, the district court found that Merchants could not exercise its common law or contractual setoff rights because the debt had not yet matured when the garnishment summons was served. The court therefore denied the motions to quash the garnishments and awarded the funds in the various accounts to Frierson.

Merchants and UFA now appeal. Merchants argues that the district court should have quashed or dissolved the garnishment of the $74,000 account at Merchants, focusing on Merchants' setoff rights under Missouri law and its rights as a secured creditor. UFA also argues that Frierson should not be able to garnish the accounts because Merchants has a prior security interest in the funds and because allowing Frierson to garnish the accounts would effectively destroy Merchants' security interest.

## II. DISCUSSION

Under Missouri law, a bank has the right to set off a borrower's deposit accounts against debts owed by that borrower. *Smith v. American Bank & Trust*, 639 S.W.2d 169, 173 (Mo.App.1982). Before a bank can exercise its setoff rights, however, the borrower's debt must be due and owing. In the case of garnishment, the

---

1. UFA appealed to the Ninth Circuit Court of Appeals, which affirmed the California judgment on June 4, 1987. The judgment was not stayed on appeal and no supercedeas bond was filed.

2. The issue of UFA's standing to assert what are really Merchants' rights is somewhat murky. We agree with the district court, however, that Merchants has standing to assert its own rights as a secured party and therefore see no need to address the issue of UFA's standing.

borrower's debt must be due on the date the garnishment is served. "[A] bank cannot * * * defeat a garnishment on the ground that the depositor owes the bank money on a note not yet due." *Prince v. West End Installation Service*, 575 S.W.2d 831, 832 (Mo.App.1978).

Merely recognizing that the debt must be due, however, does not help us decide this case. The more important issue is when, exactly, is a debt "due" for purposes of quashing a garnishment? For setoff purposes, Missouri law considers a debt due when the bank has the *power* to deem the debt due, not when the bank actually *exercises* that power. *Herd v. Ingle*, 713 S.W. 2d 887, 890 (Mo.App.1986). Under Missouri law, a bank need not take steps to effect a setoff prior to garnishment, but only must show that a default existed. As the Missouri court stated in *Herd*, "[i]f the note was due, then the bank had the right to a set-off even if at the time of the garnishment they did not know that conditions existed making it due." *Id.*

■ The district court reasoned that UFA's debt was not mature or otherwise due and owing when the bank received the garnishment summons because Merchants never declared the loan in default. Therefore, the district court concluded, Merchants could not rely on setoff to quash the garnishment. This conclusion is clearly incorrect. Under *Herd*, the bank did not have to *declare* default for the debt to be considered "due" at the time of the garnishment.

Merchants' right of setoff accrued no later than thirty days after registration of the California judgment in Missouri on January 9, 1987. The loan agreement between Merchants and UFA clearly provides for default on UFA's failure to discharge any judgment within thirty days. Article VI, Part A of the loan agreement reads, in pertinent part:

*Events of Default:* The occurrence of any one or more of the following events * * * shall constitute a default by the borrower hereunder:

*    *    *    *    *    *

5. Borrower * * * shall have failed within thirty (30) days to pay or bond or otherwise discharge any judgment or attachment which is not stayed on appeal or otherwise being appropriately contested in good faith.

Under this provision, a default existed under the loan agreement on February 8, 1987, thirty days after the judgment was registered and long before service of the garnishment summons.[3] Merchants was entitled to exercise its setoff rights before the garnishment summons was served on May 20, 1987. Therefore, Merchants properly denied in its answers to interrogatories that it owed any money to UFA. The district court should have quashed the garnishment of the funds in the Merchants bank account and allowed Merchants to exercise its right of setoff.

■ With respect to Merchants' and UFA's arguments under Article 9 of the Uniform Commercial Code, *see* Mo.Stat. Ann. § 400.9–101, et seq., we agree with the district court. As the district court stated:

Most secured loans provide for numerous events which constitute default, many of which are technical in nature and are inserted in the loan documents to enable the lender to declare the note in default when even a relatively minor problem arises with the loan or the debtor. Thus, at any given time many secured loans are technically in default, but are never treated as such by secured creditors. In addition, a secured party will occasionally, as Merchants has done in this case, ignore a default which is more than just a technical default. If a secured creditor with a security interest over all the debtor's property is permitted to rely on a

---

**3.** Frierson makes much in her brief of the loan agreement clause allowing "election of remedies" only when the borrower does not cure the default within fifteen days of the bank mailing notice thereof. The clause in question only refers to election of remedies, however, and assumes the occurrence of a default. Default occurred when UFA failed to discharge Frierson's judgment against the company.

default, whether technical or not, to prevent another creditor from executing on the debtor's property, while treating the loan as not in default when dealing with the debtor and others, severe inequities would result. * * * Such an approach would be against both the spirit and the letter of the Uniform Commercial Code.

672 F.Supp. at 1276.

Merchants cannot refuse to exercise its rights under the security agreement, thereby maintaining UFA as a going concern, while it impairs the status of other creditors by preventing them from exercising valid liens. Allowing Merchants to do so would fly in the face of all Article 9, which is premised on the debtor's ability to exercise rights in the property. *See* § 400.9–311. Regardless of whether the funds in question are viewed as collateral or as proceeds, Article 9 requires that Frierson take the remaining funds subject to Merchants' security interest if the bank refuses to exercise its remedies under the code. § 400.9–306(2). Merchants' security interest in the funds will continue, and Merchants can trace and recapture when it chooses to declare the loan in default and accelerate the debt.

## III. CONCLUSION

We find that the district court erroneously construed Missouri law with respect to setoff and that Merchants is entitled to use the funds in the Merchants bank account to set off a portion of the debt owed by UFA. We remand to the district court with instructions to issue an order quashing garnishment of those funds. We let stand that part of the district court's order requiring Country Club Bank and Centerre Bank to pay $1,000 and $965, respectively, to Frierson. Frierson will take these funds, of course, subject to Merchants' security interest.