**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is **DENIED.** [Doc. 12]

**IT IS FURTHER ORDERED** that the Equal Employment Opportunity Commission's motion for leave to file an amicus brief in opposition to the defendants' motion for summary judgment is **DENIED** as moot. [Doc. 0]

**G.E. SUPPLY, a Division of General Electric Company, Plaintiff,**

v.

**HAMPTON–TILLEY ASSOCIATES, INC., Defendant.**

**No. 4:93MC00165 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

Oct. 25, 1994.

Joseph Vincent Keady, Jr., Blumenfeld and Kaplan, St. Louis, MO, Walter H. Hotz, Hotz and Associates, Tucker, GA, for plaintiff.

David L. Going, Armstrong and Teasdale, St. Louis, MO, for defendant.

Joseph E. Martineau, Partner, Lewis and Rice, St. Louis, MO, for movant.

**432**

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motion of garnishee Boatmen's National Bank of St. Louis (Boatmen's) to quash a garnishment directed to it by plaintiff G.E. Supply. Pursuant to a consent judgment entered on May 13, 1993 in the Northern District of Georgia, Hampton–Tilley, Inc. (Hampton–Tilley) became a judgment debtor of G.E. Supply. On August 12, 1993, G.E. Supply registered the Georgia judgment in Missouri. On August 27, 1993, G.E. Supply served a garnishment summons upon Boatmen's directing Boatmen's to attach, in plaintiff G.E. Supply's name, all depository accounts held by Boatmen's for Hampton–Tilley.

Pursuant to a $1,100,000.00 Note, Security Agreement and Loan Agreement (Loan Agreement) executed by Hampton–Tilley in favor of Boatmen's on April 1, 1993, Boatmen's asserts that it obtained a security interest in all of Hampton–Tilley's accounts receivable, proceeds of accounts receivables and depository accounts maintained at Boatmen's. Boatmen's contends that under the Loan Agreement it had a pre-existing perfected security interest in the depository accounts sought to be attached by G.E. Supply. In addition, Boatmen's asserts that prior to the service of garnishment, Hampton–Tilley defaulted on its obligations under the Loan Agreement giving Boatmen's an immediate right to setoff the deposits of Hampton–Tilley against Hampton–Tilley's indebtedness without prior notice.

On August 27, 1993, Boatmen's notified Hampton–Tilley of a possible default under the Loan Agreement. *See* Garnishee's Exhibit 4. On August 30, 1993, Boatmen's declared the Loan Agreement in default and exercised its right of setoff. *See* Garnishee's Exhibits 5 & 6. It is undisputed that as of August 27, 1993, the date of the service of the garnishment summons, and continuing to the present time, Boatmen's did not and does not hold any funds of Hampton–Tilley in excess of the amounts owed by Hampton–Tilley to Boatmen's under the Loan Agreement.

Boatmen's has moved to quash the garnishment summons asserting that it was entitled to exercise its common law right of setoff as of thirty days after the entry of the judgment in the Northern District of Georgia. Pursuant to the provisions of the Loan Agreement, a judgment against Hampton–Tilley in excess of $5,000 which remains unsatisfied for more than thirty days or an attachment or levy against any property of Hampton–Tilley constitutes an event of default. Therefore, Boatmen's contends that the unsatisfied consent judgment and the garnishment each constitute events of default under the Agreement. Under section 14.3.2 of the Loan Agreement, upon any event of default Boatmen's possesses the immediate right to setoff Hampton–Tilley's against its indebtedness without prior notice.

■ Under Missouri law a bank has a right to setoff a debtor's account against debts owed by the debtor to the bank. *See Frierson v. United Farm Agency, Inc.,* 868 F.2d 302, 303 (8th Cir.1989). A bank may not exercise its setoff rights unless the borrower's debt is due and owing. *Id.* In order to defeat a summons for garnishment, a bank must show that the debt was due on the date that the summons was served. *Id.* at 304. For setoff purposes, a debt is considered due when "the bank has the power to deem the debt due, not when the bank actually exercises that power." *Id.* (citing *Herd v. Ingle,* 713 S.W.2d 887, 890 (Mo.Ct.App.1986)). In other words, a bank need not take steps to effect a setoff prior to service of the garnishment summons but need only show that a default existed prior to service. *Id.* at 304. The bank will be entitled to a setoff even if it were unaware of the default at the time of service. *Id.*

■ The Court must therefore consider when a default first existed under the Loan Agreement. In *Frierson* the Eighth Circuit construing a nearly identical default provision concluded that the right of setoff accrued "no later than thirty days after the registration of the [foreign judgment]." *Id.* G.E. Supply therefore asserts that the right of setoff in this case did not accrue until September 12, 1993, thirty days after G.E. Supply registered that judgment in Missouri.

In *Frierson* the court calculated the thirty day period from the date of registration of the judgment, but a calculation based upon the date of the judgment itself would not have yielded a different result. The court did not explain its reliance upon the date of registration rather than the date of judgment and there is no indication that the issue was raised by the parties.

Construing the language of the Loan Agreement, this Court therefore concludes that default occurred, and therefore that the right of setoff accrued, in this case thirty days after the entry of the Georgia judgment on May 13, 1993.

G.E. Supply also asserts that the Bank waived its right to setoff. Upon review of these assertions, the Court finds them to be without merit.

Accordingly, the Court concludes that the summons should be quashed.

### *ORDER*

Pursuant to the memorandum filed herein on this date, **IT IS HEREBY ORDERED** that the motion of Boatmen's Bank to quash garnishment shall be and it is granted.

Accordingly, **IT IS FURTHER OR-DERED** that G.E. Supply's motion for an order compelling Boatmen's Bank to pay over the unsatisfied portion of the consent judgment shall be and it is denied.