**REYNOLDS COUNTY MEMORIAL HOSPITAL, A political subdivision of the State of Missouri, Plaintiff–Appellant,**

v.

**SUN BANK OF AMERICA, f/k/a Farmers State Bank and Ronald L. Roy, Defendants–Respondents.**

No. 21820.

Missouri Court of Appeals, Southern District, Division One.

Aug. 24, 1998.

James E. Bowles, Hackworth, Kime & Bowles, L.L.C., Piedmont, for Appellant.

Jasper N. Edmundson, Edmundson, Terando, Hopkins and Henson, Poplar Bluff, for Respondent.

GARRISON, Presiding Judge.

Reynolds County Memorial Hospital ("Hospital") filed suit against Sun Bank of America, f/k/a Farmers State Bank ("Sun Bank") and Ronald L. Roy, its president, (collectively referred to as "Defendants")

seeking injunctive relief and damages for conversion of its funds. Hospital now appeals from the entry of a summary judgment in favor of Defendants. We reverse, and remand this case to the trial court.

Appellate review of a summary judgment is essentially *de novo,* as this court tests its propriety according to the same criteria a trial court employs in determining whether to sustain a summary judgment motion initially. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993). Summary judgment is appropriate where the motion for summary judgment and the response thereto shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 74.04(c)(3), Missouri Rules of Civil Procedure (1998). When considering an appeal from a summary judgment, we view the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Finance,* 854 S.W.2d at 376.

From the record before us it appears that Sun Bank made a $340,000 loan to Edward and Judith Barker, d/b/a Ellington Medical Center in April 1987. In 1991 Hospital executed a document entitled "Guarantee Agreement" by which it guaranteed payment of all amounts payable under the note. Sun Bank later demanded that Hospital pay the note when payments under it became delinquent. Hospital thereafter attempted to withdraw its funds from Sun Bank on September 20, 1995, but the bank refused.

Hospital filed the instant suit against Defendants seeking to enjoin them from continuing to withhold its funds, and also seeking damages for conversion. In Count I of its petition, Hospital sought an injunction, alleging that on September 20, 1995, Sun Bank notified it that a hold was being placed on Hospital's checking accounts until at least September 22, 1995 "due to uncollected funds in the accounts;" that Sun Bank did not notify Hospital when it made deposits that its funds would not be available on the next business day or otherwise notify it that the bank was invoking an exception to Federal

Regulation CC;[1] that Hospital demanded the withdrawal of its funds, but Sun Bank refused; and that as a result, Sun Bank wrongfully withheld Hospital's funds "from and after" September 20, 1995. The trial court issued an order on September 21, 1995 temporarily enjoining Sun Bank from refusing to permit Hospital to withdraw all its funds. When the order was served the next day, Sun Bank delivered only the balance of Hospital's accounts after withholding $7412, representing two monthly note payments.

Count II, alleging the conversion, incorporated the allegations of Count I and also alleged that "from and after" September 20, 1995, Hospital was lawfully entitled to the funds in its accounts; that Sun Bank took possession of those funds on September 20, 1995, thereby unlawfully converting them; and that as a result, Hospital was damaged.

In their answer Defendants admitted that on September 20, 1995 they refused to permit Hospital to withdraw its funds, and placed a hold on Hospital's funds until at least September 22, 1995 because of uncollected funds. Defendants then filed a motion for summary judgment, which the trial court sustained and which is the basis for this appeal. In granting the summary judgment, the trial court gave no explanation for its ruling, but merely held that Defendants were entitled to a summary judgment as a matter of law.

The purpose of summary judgments in Missouri is to identify cases in which there is no genuine issue of fact, and the facts, as admitted, demonstrate a legal right to a judgment for the moving party. *ITT Commercial Finance*, 854 S.W.2d at 380. The key to a summary judgment is the undisputed right to a judgment as a matter of law. *Id.* In moving for a summary judgment, a defending party (i.e., the one against whom recovery is sought in the suit), need not controvert *each* element of the claim against

him or her; rather he or she may establish a right to a judgment by showing sufficient facts to negate any one of the claim's elements, or that there is no genuine dispute as to the existence of each of the facts necessary to support the moving party's properly pleaded affirmative defense. *Id.* at 381.

Defendants alleged in their motion that the loan to the Barkers was "assumed" by Hospital on July 31, 1991, the date of the "Guarantee Agreement;"[2] that on June 27, 1995, the loan matured and Hospital refused to sign an extension for the following year; that on August 31, 1995, Sun Bank made a written demand on Hospital for full payment of the loan; that on September 19, 1995, Sun Bank's board of directors "decided to offset the July and August payments of [$3,706] each" on the loan from Hospital's general depository account at Sun Bank; that on September 20, 1995, Hospital attempted to close its accounts with Sun Bank, but those requests were refused; that on September 20, 1995, Sun Bank notified Hospital that it was placing a hold on its accounts; that on September 21, 1995, Hospital obtained an injunction allowing it to withdraw all monies in its accounts; and that as a result checks were issued to it totaling $25,017.71. Defendants argue that Sun Bank's "right of set-off" attached when the loan became delinquent, and that it had "an absolute right to set-off against the general deposit accounts of the [Hospital] at any time after this delinquency either before or after notice of attachment by the [Hospital] and regardless of what would otherwise be the funds availability requirements of Reg. CC."

■ Generally, a bank may look to deposits in its hands for the repayment of any indebtedness to it on the part of the depositor and may apply a debtor's deposits to his debts as they become due. *Adelstein v. Jefferson Bank & Trust Co.*, 377 S.W.2d 247,

---

1. Regulation CC refers to 12 C.F.R. 229 promulgated by the Federal Reserve System and deals with the availability of deposited funds upon a limited time schedule for withdrawal by a customer. Subject to certain exceptions, it provides that such funds will be available for withdrawal on the next business day after the deposit.

2. Hospital's response to the motion for summary judgment attaches the "Guarantee Agreement" dated July 31, 1991, by which it agreed to guarantee payment of all amounts payable under the promissory note, including principal and interest according to the note's terms, in monthly installments of $3,706, until paid in full.

251 (Mo.1964).[3] As we interpret the motion for summary judgment, it is premised on the right of Sun Bank to offset the delinquent payments against Hospital's accounts because demand had been made on the matured loan, and Sun Bank's board had decided to exercise its right of set-off. Defendants' motion for summary judgment does not show that a set-off had actually been implemented by Sun Bank prior to service of the temporary restraining order. Rather, they contend that once the right of a set-off attached as a result of the delinquency of the loan, Sun Bank had a right to implement a set-off at any time, even after the demand for withdrawal or service of the temporary restraining order. They argue, therefore, that as a matter of law, they were entitled to a summary judgment on Hospital's claims, including that of conversion, because Sun Bank had a *right* to set-off prior to service of the injunction. Since Defendants did not plead this theory as an affirmative defense in their answer, we interpret this approach as an attempt to demonstrate that there are no genuine issues of fact concerning one or more of the necessary elements of Hospital's case.

In support of their motion for summary judgment, Defendants relied on *G.E. Supply v. Hampton–Tilley Associates, Inc.*, 866 F.Supp. 431 (E.D.Mo.1994) and *Frierson v. United Farm Agency, Inc.*, 868 F.2d 302 (8th Cir.1989).[4] These cases hold that a bank is entitled to a set-off against a customer's account, even if no steps were taken to effect the set-off until after the service of a garnishment on the bank, so long as the note that is the basis for the set-off was due when the garnishment was served. Both cases cite *Herd v. Ingle*, 713 S.W.2d 887, 890–91 (Mo. App. S.D.1986), which holds that if a note is due when a garnishment is served, a bank has a right to a set-off even if it did not know of the existence of conditions making the note due and had not taken action to declare it in default.

We need not decide whether these cases are controlling in a situation where a temporary restraining order, rather than a garnishment, was served. As indicated earlier, in order to have been entitled to a summary judgment, Defendants must have first established that there were no genuine issues of material fact, and that they were *entitled to a judgment as a matter of law*. In this case, Defendants failed to establish that, as a matter of law, they were entitled to a judgment on Hospital's claim for conversion.

■ Conversion is the unauthorized assumption and exercise of right of ownership over personal property of another to the exclusion of the owner's rights. *Maples v. United Savings and Loan Association*, 686 S.W.2d 525, 527 (Mo.App. S.D.1985). It may be established by showing that the defendant refused to give up possession to the rightful owner on demand. *Lacks v. R. Rowland & Co., Inc.*, 718 S.W.2d 513, 517 (Mo.App. E.D. 1986). A claim for conversion may be made even though the owner was not permanently deprived of the property. *Schulte v. Florian*, 370 S.W.2d 623, 626 (Mo.App. E.D.1963) (stating that the fact that the converter did not sell or otherwise permanently dispose of the property goes to the degree of the offense, not whether a conversion occurred). In a case where no actual damages or loss is shown, and there has been a technical conversion, the defendant is liable for at least nominal damages. *Id.*

■ In this case, Defendants argue that its refusal to honor Hospital's withdrawal request on September 20, 1995, was authorized due to its entitlement to a set-off of

---

**3.** The right of a bank to set-off stems from the debtor-creditor relationship between a bank and depositor, and comes into existence when a "mutuality of indebtedness" is created. *Roosevelt Federal Sav. & Loan Assoc. v. First National Bank*, 614 S.W.2d 289, 292 (Mo.App. E.D.1981). The parties raise no issue here about whether there was "mutuality of indebtedness."

**4.** Defendants' motion for summary judgment cited *Frierson* as appearing at 672 F.Supp. 1272

(1987), but indicated that it was an Eighth Circuit Court of Appeals case. The decision in *Frierson* found at 672 F.Supp. 1272 was by the United States District Court for the Western District of Missouri. That decision was appealed to the Eighth Circuit and was reversed in *Frierson v. United Farm Agency, Inc.*, 868 F.2d 302 (8th Cir.1989). We presume that this is the case Defendants intended to rely on.

$7412. On September 20, 1995, however, Defendants admit that Sun Bank refused to allow Hospital to withdraw *all* monies in its accounts, including that in excess of $7412. The record reflects that Hospital's accounts contained a total of nearly $30,000. Even if Sun Bank was entitled to a set-off of $7412, an issue which we need not decide, it does not follow that, as a matter of law, Sun Bank was necessarily entitled to deny Hospital access to the balance of its accounts.

Under these facts, Defendants did not establish, as a matter of law, that they were entitled to a judgment on Hospital's claim for conversion. The entry of summary judgment in favor of Defendants under these facts was error.

The judgment is reversed, and the case is remanded to the trial court for further proceedings.

CROW and BARNEY, JJ., concur.