**MINNESOTA VOYAGEUR HOUSEBOATS, INC.,**
Respondent,

v.

**LAS VEGAS MARINE SUPPLY, INC., a Nevada corporation, et al., Respondents,**

**Northern National Bank, n/k/a Wells Fargo Bank, Appellant.**

No. A04–866.

Court of Appeals of Minnesota.

Jan. 11, 2005.

Joseph V. Ferguson, Paul William Wojciak, Johnson, Killen & Seiler, P.A., Duluth, MN, for appellant.

Shannon M. O'Toole, St. Paul, MN, for respondents Las Vegas Marine Supply, Inc., et al.

Minnesota Voyageur Houseboats, Inc., Orr, MN, respondent.

Considered and decided by TOUSSAINT, Chief Judge; SHUMAKER, Judge; and HALBROOKS, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellant-garnishee bank challenges the summary judgment entered in favor of respondents-creditors. Because the bank properly exercised its right of setoff

against the accounts of the debtor upon its default, we reverse.

## FACTS

On cross-motions for summary judgment, appellant-garnishee Wells Fargo Bank (the bank) and respondents-creditors Las Vegas Marine Supply, Inc. and others (the creditors) did not dispute the material facts and filed a stipulation of fact with the district court.

On August 24, 1994, respondent-debtor Minnesota Voyageur Houseboats, Inc. (the debtor) executed a promissory note in favor of the bank in the amount of $530,160. The debtor agreed to make three payments of principal and interest each year on the first of July, August, and September and gave the bank a security interest in its collateral. The note contained paragraphs setting out what constitutes "default" and what constitutes the "rights of [the] lender on default." Those paragraphs state, in relevant part, that the debtor

will be in default ... in the event that [the debtor] ... (e) permits the entry or service of any garnishment, judgment, tax levy, attachment or lien against [the debtor], any guarantor, or any of their property or the Collateral[.] ...

If there is a default under this Note, [the bank] will be entitled to exercise one or more of the following remedies without notice or demand (except as required by law)[, including]:

(a) to declare the principal amount plus accrued interest under this Note and all other present and future obligations of [the debtor] immediately due and payable in full [and] ...

(f) to set-off [debtor's] obligations against any amounts due to [the debtor].

The note also states that the bank's "rights are cumulative and may be exercised together, separately, and in any order" and that its contractual remedies "are in addition to those available at common law, including, but not limited to, the right of set-off."

The debtor made its payments on the loan, and there is no allegation that it was in arrears. On January 7, 1997, however, the creditors obtained a judgment for attorney fees, costs, and interest against the debtor in Nevada. The creditors caused the $94,636.29 Nevada judgment to be entered in Minnesota on February 13, 1997.

On August 20, 1997, the creditors served the bank with a garnishment summons. The next day, the bank withdrew $40,700 from the debtor's checking account and, the following day, applied it to the loan. In the bank's garnishment disclosure to the creditors, the bank stated that due to the default, i.e., "entry or service of any garnishment," it had claimed an "offset in the amount of $40,700 which basically represents the amount in the checking account as of the day of receiving the garnishment."

The creditors brought this action alleging that there was no indebtedness due and owing when the bank set off the debtor's accounts. They sought an order declaring the setoff void and awarding them the amount of the setoff. The court heard cross-motions for summary judgment and granted summary judgment for the creditors. Two months later, the court issued a nunc pro tunc order setting the amount of the judgment at $40,700. The bank appeals.

## ISSUES

I. Did the debtor default under the promissory note?

II. Is acceleration of the debt a prerequisite to exercising an equitable or contractual right of setoff?

## ANALYSIS

■ The application of law to stipulated facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Comm'r of Revenue,* 488 N.W.2d 254, 257 (Minn.1992).

■ It is "all but universal" that "[w]hen a creditor serves a bank with notice of garnishment of a debtor's bank account, ... the bank may set off the account against the debtor's matured debts owed to the bank." John TeSelle, *Banker's Right of Setoff—Banker Beware,* 34 Okla. L.Rev. 40, 61 & n. 154 (1981). The prerequisites of setoff are: (1) mutuality of obligation; (2) funds are the property of the debtor; (3) funds must be a general, as opposed to a special, deposit; and (4) the existing indebtedness must be due and owing at the time of the setoff. *Firstar Eagan Bank, N.A. v. Marquette Bank Minneapolis, N.A.,* 466 N.W.2d 8, 12 (Minn.App.1991), *review denied* (Minn. Apr. 29, 1991).

The sole issue before this court is whether the fourth prerequisite was satisfied. The bank argues that the debt was due and owing because the debtor had defaulted on the promissory note. The debtor argues that the debt was not due and owing because the debtor was not in default on payments and, even if it was, the bank never declared the loan accelerated upon the default.

### I.

The district court did not determine whether there was a default and, if so, when it occurred. The absence of such a determination is consistent with the creditors' position before the district court that there were at least three dates of default: when judgment was entered in Nevada in January 1997, when judgment was entered in Minnesota in February 1997, and when the debtor was served with the garnish-

ment summons on August 21, 1997. Nevertheless, the creditors now argue on appeal that (1) default did not occur until the debtor was served with the garnishment summons on August 21; and (2) the bank's remedy for the earlier defaults upon the judgments was waived because it did not take timely action to exercise its remedies.

■ The record clearly reflects that defaults under the terms of the note occurred when judgments were entered first in Nevada and then in Minnesota. The creditors' argument that the bank waived its remedies for these defaults is raised for the first time on appeal. This court will generally not consider matters not argued and considered in the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988). Here, the parties stipulated to facts and brought cross-motions for summary judgment. They agreed that the court had only one issue of law to decide— whether the debt was due and owing under the stipulated facts. All of the parties and the district court proceeded under the assumption that a default existed. Under these circumstances and in light of the anti-waiver provision in the note, this court declines to consider the issue of waiver for the first time on appeal.

### II.

■ The district court concluded, and the creditors continue to take the position, that the bank was required to "accelerate" the loan before it could consider the indebtedness "due and owing" under the fourth prerequisite for setoff. The creditors argue that "acceleration" means that the bank was required to notify the debtor that its entire indebtedness was due and must be paid in full. It is undisputed that the bank never gave the debtor such notification. The bank argues that the debt is due and owing when the bank has the

power to deem the debt due, i.e., upon default, and does not require that the bank exercise its power, to accelerate the debt.

Looking first at the contract between the bank and its customer, the debtor, the promissory note does not require that the lender accelerate the indebtedness before exercising its right to setoff. The provision regarding rights of the bank on default states that upon *default* the lender is "entitled to exercise one or more of the ... remedies without notice or demand (except as required by law)." The two remedies are then set out separately and distinctly:

> (a) to declare the principal amount plus accrued interest under this Note and all other present and future obligations of the debtor immediately due and payable in full [and] ...
>
> (f) to set-off the debtor's obligations against any amounts due to the debtor including, but not limited to monies, instruments, and deposit accounts maintained with[the bank.].

The note clearly states that the bank's rights are "cumulative and may be exercised together, separately, and in any order" and that its remedies are "in addition to those available at common law, including, but not limited to, the right of set-off."

In light of the clear contractual language allowing setoff without acceleration, the issue is whether Minnesota law prohibits the parties from allowing the use of setoff without first accelerating the debt. This is an issue of first impression in Minnesota.

Minnesota recognizes both a contractual and equitable right of setoff. *Nietzel v. Farmers & Merchants State Bank of Breckenridge,* 307 Minn. 147, 152–53, 238 N.W.2d 437, 440 (1976). The right can also be statutory, but no statute is alleged to apply here. "A bank's right to set off a debt owed it by a depositor against the depositor's account is a balancing of accounts between debtor and creditor." *Id.* at 149, 238 N.W.2d at 438. The first three prerequisites of setoff—mutuality, debtor's funds, and general deposit—entitle the bank to set off the customer's deposits against the customer's debts with the bank and ensure that the setoff accomplishes an "extinction of mutual debts." *Firstar,* 466 N.W.2d at 12. *See generally* 9 C.J.S. *Banks & Banking* § 302 (1996). "The general rule is that a bank may not set off a deposit against an unmatured debt of a depositor *absent an agreement to that effect* between the bank and the depositor." TeSelle, *supra,* at 48 (emphasis added). The fourth prerequisite, that the debt be due and owing or "matured," limits the circumstances in which the bank can exercise its right even though the other three prerequisites indicate that the bank-customer relationship exists.

Debt would certainly be due and owing if a lender rightfully accelerated a debt pursuant to an acceleration clause making the entire unpaid balance due and payable upon the debtor's default. Barkley Clark, *The Law of Bank Deposits, Collections and Credit Cards* 14–10 (3d ed.1990). Here, although the note allowed the bank "to declare the principal amount plus accrued interest ... and all other present and future obligations of [the debtor] immediately due and payable in full," the bank president testified the bank did not do so. Despite its option to accelerate, the bank proceeded with an alternative remedy under the note. Using the setoff remedy, the debtor could continue in business without suddenly having to pay the entire indebtedness. The parties' agreement allowed the bank, upon default, to exercise a remedy without terminating the bank-customer relationship.

No Minnesota cases require acceleration as a prerequisite to setoff and the credi-

tors cite only to Clark for the proposition that acceleration is required. While Clark does emphasize that an acceleration-upon-default provision is a certain method of making a debt mature or due and owing, he generally states that "[t]he debt of the depositor must be 'mature,' i.e., setoff cannot be exercised against the account of a customer who is not *legally in default* on his own obligation to the bank." *Id.* at 14-2 (emphasis added). Clark does not address the specific situation where there is a default under a contract and the alternative remedies of acceleration and setoff are available upon default.

The bank relies on an Eighth Circuit case applying Missouri law for the proposition that acceleration is not mandatory as long as there is a default. The court concluded that "a bank need not take steps to effect a setoff prior to garnishment, but only must show that a default existed." *Frierson v. United Farm Agency, Inc.*, 868 F.2d 302, 304 (8th Cir.1989). *See generally* 9 C.J.S. *Banks & Banking* § 305 (1996) (indicating that some authorities recognize automatic right of setoff and others require that bank take some affirmative step to accomplish setoff). The *Frierson* court considered a loan agreement that provided for default if the debtor failed to discharge any judgment within thirty days. *Id.* The court held that on the day of the default, i.e., the day after the thirty-day period had run, the bank acquired the right to exercise setoff. *Id.* Consequently, the court concluded that the bank properly denied in its answers to interrogatories that it owed any money to the debtor because it had the right of setoff. *Id.*

In light of the parties' agreement that the bank would have the alternative and cumulative remedies of acceleration and setoff, the reasoning of *Frierson* and its Missouri precedent is compelling.[1] The remedies in the note were triggered by default; the bank, upon default, was entitled simultaneously to acceleration, setoff, or both, at the bank's discretion. The bank had the power to choose its remedy, and there is no apparent reason to limit the bank's options or discretion in choosing a remedy when the parties agreed to them. That this discretion existed in the parties' agreement should suffice to entitle the bank to opt for the less drastic remedy of setoff without forcing acceleration. By contractually allowing alternative remedies, like setoff, the parties provided for remedies to fit the circumstances.

The creditors suggest that the bank's actions were wrongful as to judgment creditors' rights. They argue that the bank had unclean hands because the "irregularities in the actions of the Bank ... appear as if the Bank colluded with the customer." This argument, however, is not supported by specific facts showing irregularities or collusion, much less facts indicating the note was voidable, and was not pursued at the hearing on cross-motions for summary judgment based on stipulated facts. The bank-customer relationship and their promissory note were extant before the creditors acquired their rights. It cannot be said from the record that the equities would be served by requiring the bank to call the entire indebtedness due, and possibly put the customer out of business, simply to pay the creditors' judgment.

---

**1.** The creditors argue that reliance on *Frierson v. United Farm Agency, Inc.*, 868 F.2d 302 (8th Cir.1989), raises a new theory for the first time on appeal. The issue in *Frierson*, however, is identical to the one litigated below—when is a debt due for purposes of quashing a garnishment? The creditors themselves framed the issue as such at the summary-judgment hearing. Citing to additional apposite cases on appeal does not prevent this court from considering the issue raised below.

## DECISION

Because the debt was "due and owing" upon default and the note provided for the alternative remedies of acceleration and setoff, the bank could exercise its right of setoff without first declaring the entire indebtedness immediately due and owing.

**Reversed.**