# IN THE COURT OF APPEALS OF IOWA

No. 19-0256
Filed January 9, 2020

**SHENYANG JINLI METALS & MINERALS IMP & EXP CO., LTD.,**
Plaintiff-Appellant,

**vs.**

**SIVYER STEEL CORPORATION,**
Defendant-Appellee,

**and**

**TBK BANK, SSB f/k/a TRIUMPH COMMUNITY BANK,**
Garnishee-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows and Mark D. Cleve, Judges.

A judgment creditor appeals from a district court ruling that it was entitled to the judgment debtor's funds subject to a security interest.  **AFFIRMED.**

Jonathan M. Causey of Causey & Ye Law, P.L.L.C., Des Moines, for appellant.

Douglas R. Lindstrom Jr., Davenport, for appellee Sivyer Steel Corporation.

Richard A. Davidson of Lane & Waterman LLP, Davenport, for appellee TBK Bank.

Heard by Vaitheswaran, P.J., Mullins, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

This appeal pits a judgment creditor against a bank with a perfected security interest in the judgment debtor's property. The bank prevailed. On appeal, the judgment creditor raises several arguments for reversal including a contention that its entitlement to the judgment debtor's funds was not "subject to" the bank's security interest.

## I.    *Background Facts and Proceedings*

Iowa company Sivyer Steel Corporation (Sivyer) had operating loans with TBK Bank (TBK). The bank, in turn, had a perfected security interest in Sivyer's property, including its deposit accounts. Sivyer admitted to defaulting on certain loan payments. For a limited period of time, TBK agreed to "forbear from exercising any rights and remedies under the Loan Agreement" based on those defaults and agreed to continue making advances to maintain business operations.

Shenyang Jinli Metals & Minerals Imp & Exp Co., Ltd. (Shenyang) supplied raw materials to Sivyer. Sivyer defaulted on its payments to Shenyang. Shenyang sued Sivyer for breach of contract and obtained a money judgment for $467,982.55, plus interest and costs.

Shenyang sought to collect its judgment by garnishing Sivyer's accounts at TBK. The bank filed an answer asserting it had "a valid, perfected and senior security interest in such accounts . . . and a right of offset to secure the principal amount of loans extended by [the bank] to [Sivyer]."

Shenyang and TBK filed cross-motions for summary judgment. Shenyang asserted (1) Sivyer "was in default, but [TBK] lost its priority by failing to take affirmative steps to enforce its right of setoff"; (2) TBK "waived its right of setoff";

and (3) "TBK was liable to [Shenyang]" for the amount of the garnishment under Iowa Code section 642.13 (2017).[1] TBK asserted that (1) under controlling case law, "a bank's prior security interest in accounts is superior to a garnishment claim"; (2) the bank had "a perfected continuing security interest in the accounts and proceeds in the accounts"; and (3) its "security interest in the accounts [was] superior to [Shenyang's] garnishment."

> Preliminarily, the district court considered the following question:
>
> [D]o funds in a deposit account controlled and maintained by a bank, secured by the bank's perfected security interest, constitute "property [of the defendant] held by the garnishee" under section 642.13 when the bank has not declared default, accelerated the debt, or exercised its right to setoff? Or, can a bank's perfected security interest and right to setoff, standing alone in the absence of default, prevent a judgment creditor from garnishing funds in the deposit accounts securing the bank's financial interests?

The court determined "the funds in the deposit accounts securing TBK's loan to Sivyer constitute 'property [of the defendant] held by the garnishee' where the borrower is not in default, and the bank has neither invoked its remedies under the security agreement nor exercised its right to setoff." The court found Sivyer defaulted on its loan payments to the bank but the bank agreed to "forbear from exercising any rights and remedies to the collateral securing its loan, subject to strict conditions." The court concluded, "[B]ecause TBK did not assert facts establishing Sivyer to be in default of those conditions [in the forbearance

---

[1] Iowa Code section 642.13 states:

> If . . . the garnishee . . . had any of the defendant's property in the garnishee's hands, at the time of being served with the notice of garnishment, the garnishee will be liable to the plaintiff, in case judgment is finally recovered by the plaintiff, to the full amount thereof, or to the amount of such indebtedness or property held by the garnishee . . . .

agreement], TBK did not have a present right to the funds in the deposit accounts or grounds to object to [Shenyang's] garnishment." Accordingly, the court further concluded TBK was "liable to Shenyang under Iowa Code section 642.13 for the balance of the accounts at the time the bank was served with the notice of garnishment."

The court's answer to the first question did not end its analysis. The court next asked, "In the event a secured party does not or cannot declare default or seize the secured assets, does the lender lose its priority or waive its right to setoff?" The court "decline[d] to rule that TBK . . . lost its priority in the collateral or waived its right to setoff in the accounts." Finding "forfeiture of rights is inconsistent with the core tenants of the [Uniform Commercial Code]," the court ruled Shenyang was "entitled to the funds in the deposit accounts, but *subject to* TBK's perfected security interest in those assets." The court granted Shenyang's summary judgment motion and denied TBK's motion.

Shenyang moved for judgment against the bank. TBK countered with a motion to confirm application of the funds to Sivyer's indebtedness to the bank. The district court ruled TBK could "reclaim the funds now that the forbearance period [was] over, Sivyer [was] in default of its loan obligations, and TBK ha[d] elected to exercise its rights to the funds under the Security Agreement." The court denied Shenyang's motion and granted the bank's motion. Shenyang appealed.

## II. *Analysis*

Shenyang begins by arguing "Sivyer was not in default under the Forbearance Agreement at the time of garnishment, and therefore, TBK had no present right to the funds in Sivyer's deposit accounts or a right to prevent

Shenyang from taking possession of those funds by way of garnishment." As noted, the district court ruled in favor of Shenyang on this issue, concluding Sivyer was indeed not in default of the conditions set forth in the forbearance agreement and TBK had no right to the funds in the accounts at the time Shenyang issued its garnishment notice. Because Shenyang prevailed on the issue, we have nothing to decide. *See Kuper v. Chi. & N. W. Transp. Co.*, 290 N.W.2d 903, 909 (Iowa 1980) ("[D]efendant is appealing on a matter in which it prevailed at trial. Ordinarily a successful party cannot appeal."); *White v. Citzens Nat'l Bank of Boone*, 262 N.W.2d 812, 814–15 (Iowa 1978) ("[A] successful party may not appeal from errors which do not result in prejudice. If there was error in these rulings a matter we do not pass on it was non-prejudicial and affords plaintiff no ground for reversal."). Likewise, TBK has no basis for challenging the court's conclusion on this issue because it did not file a cross-appeal. *See In re Bo Li*, 911 N.W.2d 423, 431 (Iowa 2018). For these reasons, we decline to consider Shenyang's first challenge.

Shenyang next argues "TBK is liable to [it] under Iowa Code [section] 642.13 for its unlawful failure to pay Shenyang's garnishment." Shenyang concedes "[t]he district court correctly interpreted the application of [section] 642.13." In light of this concession and the absence of a cross-appeal, we have no reason to consider the issue.

Shenyang's third argument is a challenge to the district court's conclusion that it was entitled to the funds, "subject to TBK's perfected security interest." As noted at the outset, this is the heart of the appeal. Our review is for errors of law. *See Ellefson v. Centech Corp.*, 606 N.W.2d 324, 330 (Iowa 2000).

Shenyang specifically asserts the bank "collusive[ly] and unlawful[ly]" allowed Sivyer to use the garnished funds to "operate its business, generate revenue, and, in turn, protect[] [its] security interest." The Iowa Supreme Court rejected an identical argument in *Ellefson*, 606 N.W.2d at 336. The court concluded a creditor had "a continuing security interest in the proceeds of . . . two bank accounts," which was "unaffected by (1) [the debtor's] use of those proceeds in its business or (2) [the creditor's] failure to require [the debtor] to account for the proceeds." *Ellefson*, 606 N.W.2d at 336.

Shenyang argues the facts here "differ from *Ellefson* in critical ways." It asserts the debtor in *Ellefson* "was in default" at the time of the garnishment, whereas TBK "did not advance any facts to suggest that Sivyer was in default of the Forbearance Agreement [at the time of garnishment] to entitle it to exercise its rights as a secured party under the Loan and Security Agreements or the UCC." Shenyang's argument implicates the district court's preliminary conclusion in Shenyang's favor. To reiterate, the district court stated, "A perfected security interest does not disqualify the accounts from being subject to garnishment or grant TBK automatic priority over a judgment creditor like Shenyang absent default and the assertion of a *present* right to the collateral securing that debt." But, again, that is not the dispositive issue.

Accepting the district court's finding of "TBK's inaction" at the time of garnishment and its endorsement of Shenyang's right to garnish the bank accounts at that time, the right did not extinguish TBK's ongoing perfected security interest. The district court correctly concluded TBK retained its security interest in Sivyer's accounts and Shenyang took the funds in those accounts "subject to" the security

interest. *See Frierson v. United Farm Agency*, *Inc.*, 868 F.2d 302, 305 (8th Cir. 1989) ("Regardless of whether the funds in question are viewed as collateral or as proceeds, Article 9 requires that Frierson take the remaining funds subject to Merchants' security interest if the bank refuses to exercise its remedies under the [Uniform Commercial Code]. Merchants' security interest in the funds will continue, and Merchants can trace and recapture when it chooses to declare the loan in default and accelerate the debt.").

Finally, Shenyang argues "the district court erred when it denied Shenyang an order of judgment directly against TBK." Once again, the argument fails to account for TBK's ongoing perfected security interest. As the district court stated, irrespective of Shenyang's right to the funds in the TBK accounts at the time of garnishment, TBK "advanced materially changed circumstances that establish[ed] that it . . . elected to declare default and exercise its rights" to the collateral. As the court explained, if TBK had disbursed the garnished funds to Shenyang at the time of the garnishment, Shenyang would have been required "to return the funds to TBK once TBK exercised its rights under the loan and security agreements." By the time Shenyang sought a judgment against TBK, the bank had exercised those rights and was entitled to the funds in the accounts. The district court did not err in denying Shenyang's motion for order of judgment and granting TBK's motion for application of the funds to Sivyer's indebtedness.

**AFFIRMED.**