Cooley v. Janes.

B. COOLEY V. J. C. JANES *et al., as Executors, etc.*

No. 13,877.     (80 Pac. 596.)

SYLLABUS BY THE COURT.

CORPORATIONS—*Garnishment of Holder of Stock Pledged as
Collateral.* A garnishee held stock in a corporation pledged
to him by the principal defendant as security for a debt.
After service of the garnishment summons the corporation
sold all its property and distributed the proceeds ratably
among its stockholders, the garnishee receiving eighty per
cent. of the face value of the stock in his possession. *Held,*
that the garnishee should account to the judgment creditor
for the money so received by him, less any just claim he
had against the defendant for the payment of which the
stock was pledged.

Error from Cherokee district court; A. H. SKID-
MORE, judge. Opinion filed April 8, 1905. Affirmed.

*Edward E. Sapp,* for plaintiff in error.

*Finch & Wheatley,* and *Cole & Barnett,* for defend-
ants in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: Janes and Abernathy, ex-
ecutors of the will of William Ryley, deceased,
brought an action against John E. Rundell to recover

the amount of a judgment rendered against the latter in favor of Ryley, in Barton county, Missouri, in the sum of $726.61. An affidavit in garnishment was filed, and summons issued thereon to plaintiff in error. It was served May 2, 1901. Cooley answered that he held fifty shares of stock of the Cooley Land and Investment Company, a corporation, which were assigned to him as collateral security for the payment of a note of $1442.20 executed by John E. Rundell to him, and that the shares were of the par value of $5000; that the balance of the stock after paying this note was claimed by John A. Pope, by virtue of a bill of sale given to Pope by Rundell on the 18th of April, 1901. On motion of plaintiffs below Pope was made a party defendant. The court rendered judgment in favor of the plaintiffs against John A. Rundell for $1208, and ordered that Cooley turn over to the clerk of the district court the stock in his hands at the time the garnishee summons was served on him, and also the remainder of an eighty per cent. dividend declared and paid on said stock, less the amount of indebtedness owing Cooley by Rundell, the stock and money to be held by the clerk subject to further orders respecting its disbursement.

It appeared from the testimony of Cooley that a few weeks after he was served with summons in garnishment the Cooley Land and Investment Company sold all its assets and converted them into money. The capital stock of the corporation aggregated $25,000. The property sold for $20,000, and this amount was distributed among the stockholders pro rata, in proportion to the holdings of each. The amount paid to Cooley was $4000, eighty per cent. of the face value of the stock held by him.

The principal contention of plaintiff in error is that inasmuch as under section 4647 of the General Statutes of 1901 a garnishee is liable only for property or money in his hands belonging to the principal de-

fendant, or for debts owing to him, at the time of service of the garnishee summons, no part of the dividend of $4000 paid to Cooley after he was summoned as garnishee can be applied to the payment of the judgment against Rundell.

What counsel is pleased to call a dividend was not such, however, in the ordinary meaning of the term. Instead of paying a dividend from earnings in the usual way the corporation made a division of its entire assets, represented by the capital stock. The stock in the hands of the garnishee when he was served with process was worth $4000. If he can hold the so-called dividend for that amount exempt from liability to the garnishing creditor the latter will get nothing on his debt, although at the time he garnished there was stock of ample value in the hands of Cooley to pay his claim. The garnishee must account for the actual value of the stock in the corporation at the time the garnishment summons was served on him. We are clear that the statute on which plaintiff in error relies does not help him under the facts in this case. (*Norton v. Norton,* 43 Ohio St. 509, 3 N. E. 348.)

It is contended that there was no judgment against the principal defendant before the garnishee was adjudged to be liable, bringing the case within *Leviz-Zukoski v. Bank,* 63 Kan. 550, 66 Pac. 638.) The judgments against Rundell, principal defendant, and against Cooley as garnishee, were rendered at the same time, and both appear in the same journal entry. Rundell made no appearance. He was served by publication. The question now raised seems not to have been presented to the court below. It does not come to us with any force or merit.

These proceedings in error are evidently prosecuted in the interest of Pope, who is not a party in this court. Four of the nine assignments of error set out rulings of the trial court of which Pope alone

complains. We cannot consider them. It seems quite clear that Cooley, the plaintiff in error, has not been prejudiced by the action of the court below, for the amount of his debt against Rundell was secured to him by its final order.

The judgment of the court below is affirmed.

All the Justices concurring.