FRANK NICHOLS, LIMITED, *v.* MRS. ISABELLE MOSSMAN, DEFENDANT, AND E. J. BOTTS, GARNISHEE.

No. 2446.

SUBMITTED NOVEMBER 23, 1940.     DECIDED JANUARY 2, 1941..

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE LE BARON IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

Frank Nichols, Limited, in an action in assumpsit in the district court of Honolulu against Isabelle Mossman, named E. J. Botts, Esq., as garnishee. The garnishee filed a disclosure. No defense to plaintiff's suit was interposed by the defendant. Judgment was accordingly entered against her and the garnishee was ordered to pay to the plaintiff the amount of the judgment.

The defendant and the garnishee jointly appealed to the circuit court of the first circuit. Upon the trial in that court, jury waived, the defendant's liability to the plaintiff as alleged was admitted, the garnishee order being the only matter contested. At the hearing in the circuit court the garnishee filed an amplified disclosure as of the date of service on him. The disclosure was not controverted and was the only evidence produced having a bearing on the question of the liability of the garnishee. The disclosure established that when the garnishee was served with process he had in his possession an instrument which the court and counsel are pleased to term a draft, of which the following is a copy:

"NO PROTEST                    NO. 1533
Circuit Court Case #15354        Honolulu, T. H.
        San Francisco, Calif.   March 16th, 1938.
PAY TO THE
ORDER OF - - - LIBBY MOSSMAN and E. J.
BOTTS, her Attorney - - #3699.07 - - THIRTY
SIX HUNDRED NINETY NINE AND 07/100 - -
Dollars.

Agency HONOLULU, T. H.   Policy No. AL 182121
In full settlement of all claims for injury to person and damage to property & judgment & interest now existing or hereafter arising as a result of an accident occuring on or about FEBRUARY 7TH, 1937, at NUUANU AVENUE & PAUAHI ST., HONOLULU, T. H., it being understood that the above amount is the sole consideration of this release and payee (s) by the acceptance and endorsement hereof forever release(s) and discharge(s) B. A. SHERMAN from all further claims or payments because of said accident.
TO SAINT PAUL-MERCURY INDEMNITY COMPANY OF SAINT PAUL
PACIFIC COAST DEPARTMENT
60 SANSOME STREET  SAN FRANCISCO, CAL.
FRED L. WALDRON, LTD.
(SGD) J. L. GRIMSHAW
Manager, Insurance Department."

We deduce from the terms of the instrument and the facts set forth in the disclosure of the garnishee that the defendant, Mossman, was plaintiff in an action for damages against B. A. Sherman, who held a policy issued by the indemnity company; that Fred L. Waldron, Ltd., was the local agent of the indemnity company and in its behalf negotiated a settlement of said damage suit with the plaintiff and her attorney, the garnishee herein, and that the instrument in question was executed and delivered to the garnishee by said local agent of the indemnity company in settlement of said damage suit. Said disclosure further established that the garnishee, as the attorney for the plaintiff in the damage suit, was, by agreement with his client, entitled to one-half of the amount recovered and that the instrument had not, at the time of service on the garnishee, been presented to the indemnity company for payment but that the same would be presented by him in due course, which implies that all

things necessary to presentment for payment had been done, including acceptance and endorsement as required by the terms thereof.

The court gave judgment for plaintiff as prayed and ordered the garnishee to withhold and pay to plaintiff out of any moneys paid to him by reason of the honoring of said draft sufficient to satisfy the judgment, provided there be sufficient funds remaining after satisfying said garnishee's prior attorney's lien, etc. The reasons for the garnishee order given by the circuit judge are set forth in his decision as follows: "Upon reading and filing the return of E. J. Botts, Garnishee above named, the Court is of the opinion that the draft in the hands of said Garnishee was and is subject to garnishment by Plaintiff either upon the theory that same was goods and effects of the Defendant in the hands of said Garnishee or upon the theory that same represented an indebtedness of said Garnishee to said Defendant payable in the future or to-wit, upon the cashing of said draft."

The case is here on the defendant's and the garnishee's joint bill of exceptions perpetuating their exceptions to the garnishee order and that part of the decision authorizing it. The sole question presented for our determination is, do the facts disclosed by the garnishee justify the order? Garnishment being a creature of statute, the determination of this question depends upon a proper application of our statute to the facts before us. Decisions from jurisdictions with different statutory provisions are of little value. Our statute (R. L. H. 1935, § 4270), in defining what may be attached by garnishee process and how such attachment is accomplished, provides in substance that when any "goods or effects" of a debtor are concealed in the hands of the garnishee so that they cannot be found to be attached or levied upon, or when any "debt is due" from the garnishee to the debtor, the creditor

may bring his action against the debtor and cause the summons to be served upon the garnishee. That done, (a) all "goods and effects" of the defendant then in the hands of the garnishee, (b) every "debt then owing" by the garnishee to the defendant, and (c) a stated percentage of all wages then or thereafter to become owing from the garnishee to the defendant, shall be secured in the hands of the garnishee to pay such judgment as the plaintiff shall recover in the action, such property or choses described under (a), (b) and (c) being included under the term "garnishee fund." The trial court in applying the foregoing statute held that the instrument above set out, subject to the garnishee's prior lien, was, by service on the garnishee, secured in the hands of the garnishee to pay the judgment entered against the defendant either because it was "goods and effects" of the defendant in the hands of the garnishee or because it represented an "indebtedness of said Garnishee" to the defendant, payable in the future, upon the cashing of the draft.

"Statutes authorizing garnishment are remedial, in that they pertain to and affect a remedy as distinguished from a right." 28 C. J., tit. Garnishment § 4, p. 19. In construing such a statute "The primary consideration is of course to arrive at the intention of the legislature, even to the extent of favoring the spirit of the statute rather than its literal wording, and the court will incline to that construction which will be conducive to the ends of justice." Id. §, 13, p. 25. No citation of authority is needed to establish that the garnishable character of the goods or effects or debts involved in any garnishment proceeding are, under our statute, with certain exceptions not here material, determined as of the time of the service on the garnishee. We are of the opinion that the instrument which the garnishee had in hand when served was

not "goods" belonging to defendant nor did the facts disclosed show that the garnishee was then indebted to the defendant. If, therefore, the garnishee order is to be upheld, it must be because the instrument which the garnishee held when served was "effects" of the defendant in his hands and therefore subject to garnishment under the terms of the statute. The word "effects" denotes property in a more extensive sense than "goods." It embraces things in action as well as tangible personal property. (Bouvier's Law Dictionary.) The instrument in question came into being as a substitute for defendant's cause of action against Sherman, the policy holder, and became a thing or chose in action against the indemnity company in place of defendant's action against Sherman. It was in the hands of the garnishee, as attorney for the defendant, for the purpose of being converted into money. Hence, as a chose in action readily convertible into money, it unquestionably falls within the term "effects" of the defendant within the meaning of the statute. The order complained of requires the garnishee to pay the judgment only in the event that proceeds from said instrument have come into his hands and then only after satisfaction of his attorney's lien. This, we think, is within the spirit of the statute and will be conducive to the ends of justice. In *Cooley* v. *Janes*, 71 Kan. 297, 80 Pac. 596, the garnishee at the time of service held certain corporate stock of $5000 par value which the defendant had pledged to him as security. Before the trial the corporation sold all of its assets and distributed the proceeds of the sale, amounting to 80% of its capital stock, *pro rata*, to its stockholders. The garnishee, as pledgee of said stock, received $4000. The order was that Cooley, the garnishee, account for the stock in his hands at the time of service and also the remainder of the $4000 so received after satisfying his own debt. The garnishee appealed and the principal con-

tention was that inasmuch as under the statute a garnishee is liable only for property or money in his hands belonging to the defendant or for debts owing to him at the time of service of the garnishee summons, no part of the $4000 paid to the garnishee after he was summoned can be applied to the payment of the judgment. In answer to this contention the court said: "If he can hold the so-called dividend for that amount exempt from liability to the garnishing creditor the latter will get nothing on his debt, although at the time he garnished there was stock of ample value in the hands of Cooley to pay his claim. The garnishee must account for the actual value of the stock in the corporation at the time the garnishment summons was served on him."

If we are correct in our statement of the facts disclosed by the garnishee, including deductions from stated facts, the instrument in question constituted "effects" of the defendant in the hands of the garnishee, in that it was a chose in action binding upon the indemnity company to pay to the parties therein named the sum of money therein written, in full settlement of the suit referred to in the instrument. No injustice to anyone will result from the order complained of. As to one-half of the value of the instrument, the garnishee is protected by the terms of the order, and as to the other half he is a mere stakeholder. The defendant admitted her liability to plaintiff in the suit. The judgment entered is not contested and should be paid. Technicalities should not be permitted to assist the defendant in avoiding payment.

The exceptions are overruled.

*E. J. Botts* in person as garnishee and attorney for defendant.

*W. R. Ouderkirk* for plaintiff.

## SOLOMON K. LALAKEA AND MOLLIE PANG LALAKEA *v.* LAUPAHOEHOE SUGAR COMPANY, ET AL.

### No. 2326.

ARGUED DECEMBER 5, 1940.    DECIDED JANUARY 2, 1941.

PETERS, J., CIRCUIT JUDGE BUCK IN PLACE OF COKE, C. J., ABSENT, AND CIRCUIT JUDGE LE BARON IN PLACE OF KEMP, J., DISQUALIFIED.

*Per Curiam.* Costs in this court on appeal were allowed Lily Hewahewa and Thomas Kanamu Lalakea, by his guardian *ad litem,* Lily Hewahewa, respondents-appellants. (See *per curiam, ante,* p. 682.) They included attorneys' fees allowed the attorneys for the guardian *ad litem* for the services rendered by them on behalf of the minor in this court on the minor's appeal. (*Lalakea* v. *Laupahoehoe S. Co., ante,* p. 262.) Respondents-appellants now move for the entry of an order taxing the costs allowed against Solomon K. Lalakea and Mollie Pang Lalakea, petitioners-appellees, and Laupahoehoe Sugar Company, respondent-appellee, under and pursuant to the provisions of R. L. H. 1935, § 3801.

Petitioners-appellees object to the taxation of costs against them upon the ground that the question involved has already been decided otherwise in the *per curiam* referred to and, if not, that under the provisions of R. L. H. 1935, § 4756, the costs of the proceedings ultimately are to be apportioned between the various interests in the partition suit and that for the present the costs should be taxed against the losing parties and await the day of apportionment for reimbursement. The Laupahoehoe

Sugar Company, respondent-appellee, objects to the taxation against it of the costs allowed upon the grounds that under the provisions of section 4756, costs allowed on appeal should be paid by the petitioners or apportioned; that section 3801 is a general statute dealing with appeals generally, while section 4756 and the chapter of R. L. H. 1935 of which it forms a part deal with the special matter of partition and in case of conflict the latter prevails and, finally, that the determination by this court that costs are payable by petitioners "in the first instance" or that they are apportionable is not in conflict with section 3801 as such determination only goes to the problem of by whom such costs are payable and does not at all affect their allowance to the prevailing party.

Sections 3801 and 4756 are quoted in the margin,[1] except that there is omitted from the quotation of the former the exceptions and limitations therein enumerated, being inapplicable to this case. The last two sentences of section 4756 were added to the section as originally

---

[1] "Sec. 3801. Costs on appeal. Costs shall be allowed to the prevailing party in judgments rendered on appeal, in all cases, with the following exceptions and limitations."

"Sec. 4756. Costs. All costs of the proceedings in partition shall be paid by the petitioner in the first instance, but eventually by all of the parties in proportion to their interest, except such costs which may be occasioned by contests as to particular shares or interests, which shall be charged against the particular shares or interests involved and be paid as determined by the result of the trial of such particular issue. In addition to costs of the proceeding the judge may allow any fee or fees for legal services rendered by the attorneys for any of the parties, and apportion the same for costs for payment by and between the parties or any of them, all as to the judge shall seem equitable in the light of the services performed and the benefits derived therefrom by the parties, respectively. When more than ten respondents are named in a petition for partition, no greater deposit for costs shall be required of the petitioner than would be required if there were but ten respondents."

passed by the amendment of 1929. (Haw. Laws 1929, Act 179, § 1.)

The questions involved depend for their solution upon whether the provisions of section 4756, specially applicable to partition proceedings, are exceptions to the general rule in respect to the liability for costs in the supreme court upon appeal, prescribed by section 3801. If not, the provisions of section 3801 control and the liability of the appellees for costs is absolute.

In our opinion the provisions of section 4756 are not exceptions to the general rule prescribed by section 3801 and the liability for the payment of costs in the supreme court on appeal in partition proceedings is not governed by the provisions of section 4756 but by those of section 3801. The two sections are not in conflict but on the contrary, in scope and aim, are distinct and unconnected when applied to appeals. The provisions of section 3801 are therefore exclusive.

The legislature, at the time it passed the Act for the partition of real estate, of which section 4756 in its then unamended form was a part, instead of committing the determination of liability for costs in the trial court to the judicial discretion of the trial judge under the rule then obtaining in suits in equity (*Ahana* v. *Wah Yat*, 17 Haw. 326 [1906]; *Magoon* v. *Lord-Young Co.*, 23 Haw. 187 [1916]), adopted, as the basis of costs in partition proceedings, the rule generally obtaining of apportionment of costs between the parties in proportion to their interests, adding the additional requirement that the petitioner pay the same in the first instance. It excepted, however, from this provision costs occasioned by contests as to particular shares or interests. And the exception indicates the conditions under which the rule of apportionment is applicable. Costs of the proceedings in partition apportionable among the parties in proportion to their

interests are necessarily restricted and limited to costs incurred for the common good and for the benefit of all of the parties in interest. Moreover, the legislature clearly indicated by the use of the word "trial" its intention that the exception in respect to costs occasioned by contests as to particular shares or interests should apply only to costs incurred in a court in which a "trial" of such contest could be had. In construing the meaning of the word "trial," as employed in the costs statute applicable to the supreme and circuit courts, *viz.*, R. L. H. 1935, § 3791, this court held that the word "trial" did not refer to the supreme court. (*Magoon* v. *Lord-Young Co.*, *supra*, p. 190.) The reasons there assigned for its conclusion are equally applicable here. Trials in partition proceedings are had before the circuit judge at chambers, with or without a jury, as the case may be. It is further apparent that by use of the language contained in the exception "which shall * * * be paid as determined by the result of the trial of such particular issue," the legislature intended to adopt the general rule obtaining in this jurisdiction, that the liability for costs in the trial court abide final judgment. (*Kamalu* v. *Lovell*, 5 Haw. 181 [1884].) In construing the provisions of section 3801, then codified in the laws of 1905 as section 1893, this court held that the party prevailing in the supreme court upon appeal was entitled to the costs of appeal, even though the final judgment in the original action was against him, laying particular emphasis upon the provision of the statute that the rule applied *in all cases.* (*Hapai* v. *Brown*, 22 Haw. 20.) This case has been expressly approved in *Victor* v. *Pili*, 27 Haw. 745; *Christian* v. *Waialua Agr. Co.*, 32 Haw. 30; and *Coulter* v. *Schofield*, 32 Haw. 426. The rule is equally applicable to appeals from decrees in equity. (*McCandless* v. *Castle*, 25 Haw. 182 [1919].) There is nothing in the statute to indicate

that as to costs on appeal the provisions of section 4756 apply. It is conceivable that proceedings in partition might reach the supreme court by means other than by appeal when the provisions of section 4756 in respect to apportionment of costs might become applicable. It is also conceivable that a situation might arise in this court when the provisions of section 4756 in respect to attorneys' fees might become applicable. These possibilities gave rise to our observation that "the theory upon which apportionment rests applies equally to costs incurred in the supreme court as in the circuit court. Similarly as to attorneys' fees and the parties against whom the same may be charged." *Ante*, p. 683. An appeal in partition proceedings is necessarily controversial and the provisions of section 4756 for apportionment of costs on appeal could not, therefore, apply. The exception to apportionment of costs included in the section is also inapplicable. It applies only to costs in contests, trial of the issues of which were had in the circuit court. The prevailing appellants, upon their appeal, were entitled to costs in the supreme court under the provisions of section 3801 and, as construed by this court, liability for the payment of such costs devolved upon the appellees. The provisions of section 4756 have not changed the rule in this respect and the liability imposed by section 3801 upon an appeal in partition proceedings to the supreme court is not subject in any way to the provisions of section 4756.

The question here decided was not determined in our *per curiam* reported *ante*, p. 682. On the contrary, we studiously avoided deciding the question of liability as not within the issues.

Moreover, the present situation is to be distinguished from that obtaining when the question of costs in partition proceedings was previously considered upon the appeal of

the minor from the final decree in partition, reported *ante*, p. 262.

*T. E. M. Osorio* and *Cass & Silver* for the motion.

*T. M. Waddoups* and *Smith, Wild, Beebe & Cades* contra.