IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2020

## WOLF ORGANIZATION, INC. v. TNG CONTRACTORS, LLC

**Appeal from the Circuit Court for Davidson County**
**No. 16C819   Kelvin D. Jones, Judge**

_____

### No. M2020-00093-COA-R3-CV

_____

This is the second appeal in this case.  In the first appeal, we affirmed the trial court's enrollment of Appellee's Pennsylvania judgment.  In enrolling the foreign judgment, the trial court omitted the 1.5% interest awarded by the Pennsylvania court and entered judgment only for the principal amount of the foreign judgment.  In seeking to enforce its judgment, Appellee filed a bank levy against Appellant, wherein Appellee included the 1.5% interest.  Because neither party raised an issue in the first appeal concerning whether the trial court's omission of the interest was error, the question is waived, and Appellee is entitled to only post-judgment interest under Tennessee Code Annotated section 47-14-121(a).  Accordingly, we reverse the trial court's denial of Appellant's motion to quash Appellee's bank levy in the amount of $40,482.03.  The case is remanded for calculation of post-judgment interest consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J. joined.

Benjamin E. Goldammer and Michael A. Johnson, Nashville, Tennessee, for the appellant, TNG Contractors, LLC.

Joseph P. Rusnak, Nashville, Tennessee, for the appellee, Wolf Organization, Inc.

### OPINION

### I. Background

As set out in our first opinion, *Wolf Organization, Inc. v. TNG Contractors, LLC*,

No. M2018-00073-COA-R3-CV, 2019 WL 2883813 (Tenn. Ct. App. July 3, 2019), *perm. app. denied* (Oct. 11, 2019) ("***Wolf I***"), Appellee Wolf Organization, Inc. ("Wolf"), a distributor of kitchen cabinets, is headquartered in York, Pennsylvania. *Id*. at *1. Wolf extended credit to Appellant TNG Contractors, LLC ("TNG"), a Tennessee limited liability company. *Id*. When TNG failed to pay Wolf for invoiced goods, Wolf filed suit against TNG for breach of contract in the Court of Common Pleas of York County, Pennsylvania. *Id*. TNG did not respond to the complaint, and Wolf sought default judgment. *Id*. On July 13, 2015, the Pennsylvania Court entered a default judgment against Wolf "in the amount of $22,493.59 together with interest compounded monthly at the rate of 1.5%, from March 30, 2015, and legal fees plus costs to be determined." *Id*. at *2.

On March 23, 2016, Wolf filed a petition, under the Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. §§ 26-6-101 to -108 ("UEFJA"), to enroll and enforce the Pennsylvania judgment in the Circuit Court for Davidson County, Tennessee ("trial court"). ***Wolf I***, at *2. In response, TNG raised, for the first time, the issue of whether the Pennsylvania court lacked personal jurisdiction in the underlying action. Before discovery was complete, the trial court granted Wolf's motion and enrolled the Pennsylvania judgment; however, on TNG's motion to alter or amend, the trial court set aside its original order and scheduled a trial to determine the validity of the Pennsylvania judgment. *Id*. at *3. TNG then moved for summary judgment arguing that the Pennsylvania court lacked both general and specific personal jurisdiction. *Id*. In response, Wolf argued that TNG was not entitled to summary judgment because TNG had waived its jurisdictional defense by failing to raise it in the Pennsylvania court. Wolf also filed its own motion for summary judgment. By order of December 28, 2017, the trial court granted Wolf's motion for summary judgment. *Id*. The trial court reasoned that

> [b]y failing to timely and properly contest the jurisdiction of the Pennsylvania court during the time the case was pending in Pennsylvania, TNG waived any objection to the personal jurisdiction of the Pennsylvania court. The . . . Pennsylvania judgment entered in favor of Wolf and against TNG is a final judgment. Wolf's Pennsylvania judgment is entitled to be given full faith and credit as required by Article 4, Section 1 of the United States Constitution.

As such, the trial court's December 28, 2017 order concluded that "the foreign judgment of Wolf as to the defendant, TNG, in the amount of $22,493.59 is hereby a judgment of this Court . . ." Although the Pennsylvania judgment was for the principal amount of $22,493.59 "together with interest compounded monthly at the rate of 1.5%, from March 30, 2015, and legal fees plus costs to be determined," the trial court's order grants Wolf judgment for the principal but is silent as to interest. Wolf did not file a post-judgment motion addressing the trial court's silence as to the interest awarded by the Pennsylvania

court. Rather, following entry of the December 28, 2017 order, "Wolf asked the trial court to award an additional $15,950.50 in attorney's fees and expenses incurred since March 1, 2016." *Wolf I*, at *3. "Wolf argued that TNG had agreed in the credit application that if the account was referred for collection, it would pay "reasonable costs incurred, including attorney's fee[s]." *Id.* The trial court denied Wolf's request. *Id.*

As in the trial court, on appeal to this Court in *Wolf I*, Wolf did not raise an issue concerning the lack of any reference to interest in the trial court's order enrolling the Pennsylvania judgment. Rather, Wolf's sole issue was whether the trial court's erred in denying its request for attorney's fees and expenses. In *Wolf I*, we upheld the trial court's grant of Wolf's motion for summary judgment and its denial of Wolf's request for attorney's fees and expenses, explaining that

> Wolf did not petition the Pennsylvania court to award post-judgment attorney's fees. Instead, Wolf chose to register and enforce the Pennsylvania judgment in Tennessee under the UEFJA. The UEFJA does not authorize an award of attorney's fees.

*Wolf I*, at *7 (citations omitted).

Turning to the procedural history giving rise to the instant appeal, following our mandate in *Wolf I*, on October 29, 2019, Wolf sent TNG a demand letter stating, in relevant part:

> TNG Contractors, LLC is now indebted to The Wolf Organization, Inc. in the sum of $40,505.90. This amount includes court costs and interest to and including November 8, 2019. From and after November 8, 2019, interest accrues at the rate of $11.09 per diem. Please immediately forward . . . a cashier's check made payable to The Wolf Organization, Inc. in the amount of $40,505.90.

Apparently, Wolf arrived at the $40,505.90 amount by including post-judgment interest at a rate of 1.5% (the amount set out in the Pennsylvania order) on the principal amount of $22,493.59. Wolf also served a notice of non-wage garnishment (the "levy") on TNG's bank in the amount of $40,482.03.[1]

By letter of November 15, 2019, TNG responded to Wolf's demand letter and its levy. In relevant part, TNG's attorney explained that

---

[1] The discrepancy between Wolf's alleged judgment amount and the amount included on the bank levy was explained by the trial court in its order on the motion to quash. The bank levy included post-judgment interest from June 13, 2015, rather than March 30, 2015, resulting in the $23.87 discrepancy.

- 3 -

in response to your correspondence asserting the judgment amount in this matter, including interest, is $40,239.74, based on the $22,493.59 judgment, plus costs of $168.50, plus interest at the contractual rate of 18% per year from and after the date of the judgment (June 13, 2015)[,] I respectfully disagree with this conclusion for the reasons discussed below. Nevertheless, our client will be tendering a check in the amount of $30,113.09 on Monday, which comports with our calculation of the principal, costs and interest due through that date. There is no dispute that your client is entitled to 18% contractual interest until the time of the judgment. The contract provides: "If the statement balance is not paid in full when due, the customer agrees to pay a service charge of 1.5% per month on the unpaid balance." However, in the same way that merger extinguished your client's claim for post-judgment attorneys' fees, your client is limited to statutory interest post-judgment.

***

[T]here can be no dispute that your client's entitlement to contractual interest did not survive the taking of the judgment. Instead, your client is limited to statutory interest. Statutory interest in Pennsylvania is 6% and it is currently 7.5% in Tennessee. Although our client could rely on the much lower statutory interest rates in Tennessee in effect prior to 2019, assuming 7.5% interest, post-judgment interest through November 13, 2019 (53 months) would equal $7,451.00. This brings the total judgment to $30,113.09.

Finally, I received notice today of a bank levy . . . in excess of $40,000.00. For the reasons outlined above, the levy is a wrongful execution for in excess of $10,000.00 of the amount claimed. Given a check is being delivered Monday, and given the levy is in excess of the judgment amount, this letter serves as a demand for a release of the bank levy.

On November 18, 2019, TNG tendered a check to Wolf in the amount of $30,113.09; Wolf declined to cash the check.

On December 2, 2019, TNG filed an emergency motion to quash Wolf's bank levy. In its motion, TNG explained that, "The dispute between the parties at this juncture is whether the TN Judgment has accrued interest at the purported contractual rate of 1.5% per month, or the statutory post-judgment rate." TNG further noted that

[t]he PA Judgment awarded "interest compounded monthly at the rate of 1.5%, from March 30, 2015"— *i.e.*, it awarded interest commencing over two months before the PA Judgment was entered, but did not calculate the

interest or characterize the interest as pre-judgment or post-judgment. The TN Judgment, on the other hand, makes no reference to interest whatsoever.

***

The contract [] that formed the basis for the PA Judgment and TN Judgment did not specifically provide a post-judgment interest rate. Instead, it provides: "If the statement balance is not paid in full when due, the customer agrees to pay a service charge of 1.5% per month on the unpaid balance." Not only does the contract make no reference to "post-judgment", it also does not actually provide for interest — rather, it provides for a "service charge". As such, Wolf is limited to post-judgment interest at the statutory rate.

In its response in opposition to TNG's motion to quash the levy, Wolf maintained its position that it is entitled to "post judgment interest at the rate of 1.5% compounded monthly from March 30, 2015."

The trial court heard TNG's motion on December 10, 2019. By order of December 16, 2019, the trial court denied the motion, explaining:

[O]n July 13, 2015 a judgment had been entered [by the Pennsylvania court] against TNG as follows:

> Judgment in the amount of $22,493.59 together with interest compounded monthly at the rate of 1.5% from March 30, 2015, and legal fees plus costs to be determined.

IT FURTHER APPEARING that Pennsylvania Statute 41 P.S. § 202 specifies that a post-judgment default rate of 6% applies only when the "applicable rate" is not specified in "any law or document."

IT FURTHER APPEARING that upon signing a credit application with Wolf on January 27, 2014, TNG agreed at paragraph three of the "Wolf Business Credit Account Terms and Conditions of Sale" that it would "pay a service charge of 1.5% per month on the unpaid balance."

IT FURTHER APPEARING that the bank levy filed November 14, 2019 on behalf of Wolf reflects post judgment interest from and after June 13, 2015 (not March 30, 2015) and does not reflect interest compounded monthly at the rate of 1.5% as provided in the Pennsylvania judgment. Instead, the bank levy specifies post-judgment interest calculated at the

lower effective rate of 18% per annum based upon simple interest without compounding. Accordingly, IT IS HEREBY ORDERED that the "Defendant's Emergency Motion to Quash Bank Levy" shall be and hereby is denied. It is also hereby ORDERED that, consistent with the terms of the Pennsylvania judgment, post-judgment interest accrues at the rate of 1.5% compounded monthly from March 30, 2015.

It is also hereby ORDERED that Wolf shall be and hereby is allowed to file another bank levy or other execution to reflect the accrual of all post-judgment interest at the rate of 1.5% compounded monthly from March 30, 2015.

TNG appeals.

## II. Issue

TNG raises one issue for review as stated in its brief:

Whether the trial court erred in denying Appellant's Motion to Quash Bank Levy where the Appellee's post-judgment bank levy calculated post-judgment interest using the pre-judgment rate in the contract rather than the lower statutory post-judgment rate.

## III. Standard of Review

The decision whether to grant or deny a motion to dissolve a garnishment is a question of law. 38 C.J.S. Garnishment §353 (citing **Bank of Hawaii v. DeYoung**, 992 P.2d 42, 46 (Hawaii 2000)); 6 Am. Jur. 2d Attachment and Garnishment §407. This Court reviews questions of law *de novo* with no presumption of correctness. **Kelly v. Kelly**, 445 S.W.3d 685, 692 (Tenn. 2014) (citing **Armbrister v. Armbrister**, 414 S.W.3d 685, 692 (Tenn. 2013)).

## IV. Analysis

We reiterate the **Wolf I** Court's admonishment that, "Wolf did not petition the Pennsylvania court to award post-judgment attorney's fees. Instead, Wolf chose to register and enforce the Pennsylvania judgment in Tennessee under the UEFJA." In short, we are not at liberty to review the propriety of the Pennsylvania court's judgment and are limited to review of questions arising directly from the Tennessee trial court's enrollment of that judgment. So, notwithstanding the fact that the Pennsylvania court interpreted what the parties' contract refers to as a "**service charge** of 1.5% per month on the unpaid balance" as the post-judgment interest rate on the $22,493.59 judgment, i.e., "Judgment in the amount of $22,493.59 together with interest compounded monthly at the rate of 1.5% . . . ," we are precluded from revisiting the Pennsylvania court's interpretation of the parties' contract. In issuing its bank levy, Wolf included the 1.5%

"interest" awarded by the Pennsylvania court. The problem, however, is that, in enrolling the Pennsylvania judgment, the Tennessee trial court did not include the 1.5%. In fact, the trial court's order is completely silent as to interest, stating only that, "[T]he foreign judgment of Wolf as to the defendant, TNG, in the amount of $22,493.59 is hereby made a judgment of this [c]ourt." Furthermore, the question of whether the trial court erred in omitting the interest ordered by the Pennsylvania court was not raised as an issue in *Wolf I*, and so it was not addressed in our previous opinion.

Our courts have repeatedly held that parties waive an issue if they do not raise it as an issue on appeal. *Melton v. Melton*, No. M2003-01420-COA-R10-CV, 2004 WL 63437, at *2-3 (Tenn. Ct. App. Jan.13, 2004); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988); *Schoen v. J.C. Bradford & Co.*, 642 S.W.2d 420 (Tenn. Ct. App. 1982); *Independence One Mortgage Corp. v. State Auto Ins. Co.*, No. 02A01-9511-CH-00255, 1996 WL 266651, at *1 (Tenn. Ct. App. May 21, 1996). In the second *Melton* appeal, we held that the husband did not raise the propriety of the trial court's denial of his motion to enforce the mediation agreement in the first appeal. *Melton*, 2004 WL 63437, at *2-3. Thus, the husband waived his right to appellate review concerning the mediation settlement agreement by not raising it on the first appeal. *Id*. Based on this authority, Wolf's failure to raise the question of the trial court's omission of the 1.5% in enrolling the Pennsylvania decree in the first appeal constitutes a waiver of the issue in this appeal. In short, having failed to protect its judgment for the 1.5%, Wolf has forfeited this amount as either a service charge or as post-judgment interest. Therefore, in seeking to collect the Tennessee judgment, Wolf erred in including the 1.5% "interest" amount in its bank levy, and the trial court should have granted TNG's motion to quash the levy in the amount of $40,482.03.

Despite the omission of the 1.5% amount in the trial court's order, Wolf is entitled to statutory interest accruing from the date of the enrollment of judgment in Tennessee. *See In re Estate of Todd*, No. W2018-01088-COA-R3-CV, 2019 WL 1036080, at *6 (Tenn. Ct. App. Mar. 5, 2019) (stating that judgment creditors are automatically entitled to post-judgment interest); *Tallent v. Cates*, 45 S.W.3d 556, 563 (Tenn. Ct. App. 2000) (explaining that "[i]nterest on judgments in Tennessee is statutorily mandated") (citing Tenn. Code Ann. § 47-14-121)). "The failure of any court to expressly provide such interest in its judgment does not abrogate the statute." *Tallent*, 45 S.W.3d at 563 (citing *Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992)). The post-judgment interest rate is computed beginning on the day in which the trial court enrolled the judgment. *See* Tenn. Code Ann. § 47-14-122 ("Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial."). Tennessee Code Annotated section 47-14-121 provides:

(a) Except as set forth in subsection (c),[2] the interest rate on judgments per annum in all courts, including decrees, shall:

   (1) For any judgment entered between July 1 and December 31, be equal to two percent (2%) less than the formula rate per annum published by the commissioner of financial institutions,[3] as required by § 47-14-105, for June of the same year; or

   (2) For any judgment entered between January 1 and June 30, be equal to two percent (2%) less than the formula rate per annum published by the commissioner of financial institutions, as required by § 47-14-105, for December of the prior year.

Tenn. Code Ann. § 47-14-121(a).  Here, the trial court entered its order enrolling the Pennsylvania judgment on December 28, 2017.  Therefore, Wolf is entitled to statutory post-judgment interest on its $22,493.59 judgment, accruing from December 28, 2017, at the statutory rate outlined at Tennessee Code Annotated section 47-14-121(a).  We remand the case to the trial court for calculation of Wolf's post-judgment interest consistent with this opinion.

## V.  Conclusion

For the foregoing reasons, we reverse the trial court order denying TNG's motion to quash Wolf's bank levy in the amount of $40,482.03.  We remand the case for calculation of interest on Wolf's $22,493.59 judgment, accruing from December 28, 2017, at the statutory rate outlined at Tennessee Code Annotated section 47-14-121(a), and for such further proceedings as may be necessary and are consistent with this

---

[2] Subsection (c) of the statute states that:

> (c) Notwithstanding subsection (a) . . . where a judgment is based on a statute, note, contract, or other writing that fixes a rate of interest within the limits provided in § 47-14-103 for particular categories of creditors, lenders or transactions, the judgment shall bear interest at the rate so fixed.1

As noted, *supra*, we cannot interpret the parties' contract concerning whether the 1.5% "service charge" was properly treated as interest by the Pennsylvania court.  Likewise, we cannot reach the question of whether the trial court erred in omitting the 1.5% in enrolling the Pennsylvania decree as this question was waived by failure to raise it in *Wolf I*.  As such, this portion of the statute is not applicable to our analysis.

[3] *See* TN DEPARTMENT OF FINANCIAL INSTITUTIONS, HISTORICAL LISTING OF FORMULA RATES, https://www.tn.gov/content/tn/tdfi/tdfi-how-do-i/info/formula-rate/formula-rate-history.html (last visited Aug. 4, 2020).

opinion.  Costs of the appeal are assessed to the Appellee, Wolf Organization, Inc., for all of which execution may issue if necessary.


_____
KENNY ARMSTRONG, JUDGE